**Robert E. MORRISSEY**

v.

**CAPSTONE FINANCIAL SERVICES, INC., d/b/a Capstone Properties and Fleet Financial Group, Inc. (formerly Fleet/Northstar Financial Group, Inc.)**

No. 96–649–Appeal.

Supreme Court of Rhode Island.

Feb. 19, 1998.

David A. Salzillo, Cranston.

Joseph E. Rothemich, Patricia A. Murray, Cranston.

**ORDER**

On January 23, 1998, this case came before the Supreme Court pursuant to an order directing both parties to appear and show cause why the issue presented by this appeal should not be summarily decided. Having examined the parties' memoranda and hearing their arguments, we perceive no cause and shall therefore proceed to address the merits of this appeal at this time.

On or about January 16, 1992, the plaintiff, Robert E. Morrissey (Morrissey), was exiting his place of employment on property owned by Fleet Financial Group and managed by Capstone Financial Services, Inc., (collectively "defendants"). Before leaving the property, Morrissey alleges that he was injured as a result of a collision between the vehicle he was driving and a snow plow operated by Michael Botella (Botella). According to Morrissey's complaint, Botella was hired by the manager of the property, defendant Capstone, to clear snow from defendant Fleet's property. Morrissey initially instituted suit against Botella for negligently driving a snow plow in reverse at 30 m.p.h., however, Botella soon became judgment proof upon filing for bankruptcy in 1993. As a result, Morrissey filed suit against defendants alleging that they were both negligent in hiring an independent contractor for snow removal who did not have insurance for his vehicle. Subsequently, defendants filed a motion for summary judgment, which a Superior Court trial justice granted on the basis that no duty existed to hire a snow plow driver with insurance. We agree.

In determining whether a duty exists, we consider the following factors: (1) the foreseeability of harm to the plaintiff; (2) the degree of certainty that the plaintiff suffered an injury; (3) the closeness of connection between the defendant's conduct and the injury suffered; (4) the policy of preventing future harm; and, (5) the extent of the burden to the defendant and the consequences to the community for imposing a duty to exercise care with resulting liability for breach. *Ferreira v. Strack*, 652 A.2d 965, 967–68 (R.I.1995) (quoting *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1225 (R.I. 1987)).

After considering these factors, we must conclude that no duty to investigate the insurance status of an independent contractor

exists. In this case, Morrissey's injury resulted from Botella's negligence, not from the fact that Botella did not have insurance coverage. Morrissey attempts to analogize this case at bar to *Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's. Inc.,* 474 A.2d 436 (R.I.1984), where we stated that it was a question of fact whether an employer was negligent in the hiring, training, or supervision of an employee. But unlike *Welsh,* where the failure to exercise reasonable care in hiring an employee to safeguard large quantities of gold led to its theft, this case does not concern the hiring of a dangerous or unfit individual. *See id.* at 440 ("Liability of the employer is premised on its failure to exercise reasonable care in selecting a person who the employer knew or should have known was unfit or incompetent for the employment, thereby exposing third parties to an unreasonable risk of harm."). On the contrary, Morrissey does not raise any allegations that Botella was unfit or incompetent as a snow plow driver and, in essence, invites us to adopt a rule that any person who hires an independent contractor has a duty to investigate whether this person has valid insurance. We decline to promulgate such a rule. Furthermore, during oral argument Morrissey attempted to raise the issue that in addition to a lack of insurance, Botella also did not possess a valid license at the time of the accident. However, since this issue was not raised below, we shall not consider it on appeal. *See Montecalvo v. Mandarelli,* 682 A.2d 918, 926 (R.I.1996).

For the foregoing reasons the plaintiffs appeal is denied and dismissed. The judgment appealed from is affirmed and the papers in this case are remanded to the Superior Court.

BOURCIER, J., did not participate.